FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 04 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEANNE ERLAND,

                Plaintiff,

       -against-

GOJET AIRLINES, LLC,

                Defendant.
-------------------------------------------------------------x

REPORT AND
RECOMMENDATION

14-CV-7430 (JBW)

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

In an Order dated December 23, 2014, this Court identified several deficiencies in the Notice of Removal filed by defendant GoJet Airlines, LLC ("defendant"), a limited liability corporation ("LLC"). See Order (Dec. 23, 2014) ("Order"), Electronic Case Filing Docket Entry ("DE") #4; Notice of Removal (Dec. 23, 2014) ("Notice"), DE #1. Specifically, the Court observed that the Notice "fails to specify the citizenship of each of the members of the LLC, and thus is insufficient to establish complete diversity of citizenship." Order.[1] Additionally, the Notice "provides no factual basis for defendant's conclusory assertion that 'the amount in controversy is alleged to exceed $75,000 . . . .'" Order (quoting Notice ¶ 10).[2] Accordingly, defendant was directed to file an amended Notice of Removal, curing these

---

[1] A limited liability company has the citizenship of each of its members for purposes of diversity jurisdiction. See Receivables Exchange LLC v. Hotton, No. 11-CV-0292 (JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (sua sponte dismissing complaint without prejudice and citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir. 2000)).

[2] See, e.g., Bellocchio v. Enodis Corp., 499 F.Supp.2d 254, 256 (E.D.N.Y. 2007) (collecting cases and remanding matter to state court based on conclusory assertion in Notice of Removal with respect to amount in controversy).

*[handwritten notation]: No objection having been timely made, the report is ordered to be a[n] order of this court. [signature] 2/23/15*

defects, by January 5, 2015. See Order.

Defendant's response to the Court's Order is almost one month overdue. As defendant has not cured the defects in its Notice of Removal, it is the recommendation of this Court that the case be remanded to state court.

Any objections to this Report and Recommendation must be filed with the Honorable Jack B. Weinstein on or before **February 23, 2015**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is requested to enter this Report and Recommendation into the ECF system.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 4, 2015

/s/ Roanne L. Mann
ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE